CLOSED

# U.S. District Court
# SOUTHERN DISTRICT OF TEXAS (Houston)
# CRIMINAL DOCKET FOR CASE #: 4:25−mj−00276 All Defendants
## *Internal Use Only*

| | |
|---|---|
| Case title: USA v. Scott | Date Filed: 05/08/2025 |
| Other court case number: 2:25−mj−78 Eastern District of Virginia, Norfolk | Date Terminated: 05/09/2025 |

Assigned to: Magistrate Judge Richard W Bennett

**Defendant (1)**

**Quincy Demond Scott**
*TERMINATED: 05/09/2025*

represented by **Federal Public Defender − Houston**
440 Louisiana
Ste 1350
Houston, TX 77002
713−718−4600
Fax: 713−718−4610
Email: hou_ecf@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**Ryan Daniel Rones**
Federal Public Defender
440 Louisiana
Ste 1350
Houston, TX 77002
713−718−4600
Email: ryan_rones@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|

None

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |

18 U.S.C. § 2252A(a)(2)(A) Receipt of Child Pornography, 18 U.S.C. § 2252A(a)(4)(B) Possession of Child Pornography

**Plaintiff**

**USA**

| Date Filed | # | Docket Text |
|---|---|---|
| 05/08/2025 | 1 | Complaint from Eastern District of Virginia, Norfolk as to Quincy Demond Scott, filed. (glk4) (Entered: 05/08/2025) |
| 05/08/2025 |   | Arrest (Rule 40) of Quincy Demond Scott, filed. (glk4) (Entered: 05/08/2025) |
| 05/08/2025 | 2 | Arrest Warrant issued 5/2/2025; Returned Executed on 5/8/2025 as to Quincy Demond Scott. Defendant was arrested in Humble, TX. Document restricted from PACER under privacy policy., filed. (glk4) (Entered: 05/08/2025) |
| 05/08/2025 |   | ***Set/Reset Hearings as to Quincy Demond Scott: Initial Appearance − Rule 40 set for 5/8/2025 at 01:30 PM in Courtroom 700 before Magistrate Judge Richard W Bennett (glk4) (Entered: 05/08/2025) |
| 05/08/2025 |   | Minute Entry for proceedings held before Magistrate Judge Richard W Bennett: INITIAL APPEARANCE IN RULE 5(c)(3) PROCEEDINGS as to Quincy Demond Scott held on 5/8/2025. Defendant requests appointed counsel.. Order appointing Federal Public Defender. Order of Temporary Detention Pending Hearing. Deft WAIVED Identity Hearing. Detention/Preliminary Hearings set for 5/9/25 at 10AM. Appearances:AUSA Adam Goldman, FPD Ryan Rones, US Probation: C. Orphe.(Digital # 2:56−3:03PM)(ERO:Ye) (Interpreter:No) Deft remanded to Custody, filed. (svj4) Modified on 5/8/2025 (svj4). (Entered: 05/08/2025) |
| 05/08/2025 | 3 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER. Federal Public Defender − Houston for Quincy Demond Scott ( Signed by Magistrate Judge Richard W Bennett) Parties notified. (svj4) (Entered: 05/08/2025) |
| 05/08/2025 | 4 | BRADY ORDER on Rule 5(f) as to Quincy Demond Scott ( Signed by Magistrate Judge Richard W Bennett) Parties notified. (svj4) (Entered: 05/08/2025) |
| 05/08/2025 | 5 | Order of Temporary Detention Pending Hearing as to Quincy Demond Scott Preliminary Examination & Detention Hearing set for 5/9/2025 at 10:00 AM in Courtroom 700 before Magistrate Judge Richard W Bennett ( Signed by Magistrate Judge Richard W Bennett) Parties notified. (svj4) (Entered: 05/08/2025) |

| 05/08/2025 | 6 | Sealed Financial Affidavit CJA 23 by Quincy Demond Scott, filed. (Entered: 05/09/2025) |
|---|---|---|
| 05/08/2025 | 7 | WAIVER of Rule 5 & 5.1 Hearings by Quincy Demond Scott, filed. (svj4) (Entered: 05/09/2025) |
| 05/09/2025 |   | NOTICE OF ATTORNEY APPEARANCE Ryan Daniel Rones, Federal Public Defender, in case as to Quincy Demond Scott, filed. (Rones, Ryan) (Entered: 05/09/2025) |
| 05/09/2025 |   | Minute Entry for proceedings held before Magistrate Judge Richard W Bennett: PRELIMINARY EXAMINATION & DETENTION HEARING as to Quincy Demond Scott held on 5/9/2025. The court finds probable cause. Order of Detention Pending Trial to be entered. Appearances: AUSA Adam Goldman, Ryan Daniel Rones, US Probation: K. Barrientos.(Digital # 10:28−11:15AM)(ERO:Yes) (Interpreter:No) Deft remanded to Custody, filed. (svj4) (Entered: 05/09/2025) |
| 05/09/2025 | 8 | ORDER OF DETENTION PENDING Trial as to Quincy Demond Scott ( Signed by Magistrate Judge Richard W Bennett) Parties notified. (svj4) (Entered: 05/11/2025) |
| 05/09/2025 | 9 | COMMITMENT TO ANOTHER DISTRICT as to Quincy Demond Scott. Defendant committed to the ED of Virginia. ( Signed by Magistrate Judge Richard W Bennett) Parties notified. (svj4) (Entered: 05/11/2025) |
| 05/09/2025 |   | RULE 5 Papers sent via email to ED of Virginia Division as to Quincy Demond Scott, filed. (svj4) (Entered: 05/11/2025) |


AO 442 (Rev. 11/11) Arrest Warrant

**ORIGINAL**

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

| United States of America | ) |
|---|---|
| v. | ) Case No. 2:25mj 78 |
| QUINCY DEMOND SCOTT | ) |
| Defendant | ) |

## ARREST WARRANT

To:      Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   QUINCY DEMOND SCOTT
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☑ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

See Affidavit.

Date:   05/02/2025

*Issuing officer's signature*

City and state:   Norfolk, Virginia      Douglas E. Miller, U.S. Magistrate Judge
*Printed name and title*

INFORMATION COPY ONLY
NOTICE: BEFORE ARREST, VALIDATE THROUGH NCIC. ORIGINAL HELD BY U.S. MARSHAL

### Return

This warrant was received on *(date)* 5/6/2025 and the person was arrested on *(date)* 5/8/2025
at *(city and state)* Humble, TX

Date: 5/8/2025

*Arresting officer's signature*

Hong Nguyen SA, FBI  SPECIAL AGENT
*Printed name and title*

United States District Court
Southern District of Texas
**ENTERED**
May 08, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | Case No. 4:25−mj−00276 |
| | § | |
| Quincy Demond Scott | § | |

## Order Appointing Counsel

Because the above named defendant has testified under oath or has otherwise satisfied this court that he or she (1) is financially unable to employ counsel, and (2) does not wish to waive counsel, and because the interests of justice so require, the Federal Public Defender is hereby appointed to represent this person in the above designated case.

Signed on May 8, 2025.

_____
Richard W. Bennett
United States Magistrate Judge

14

United States District Court
Southern District of Texas
**ENTERED**
May 08, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| *versus* § | Case No. 4:25−mj−00276 |
| § | |
| Quincy Demond Scott § | |

**ORDER**

  In accordance with Federal Rule of Criminal Procedure 5(f), as amended by the Due Process Protections Act, Pub. L. No. 116-182, 134 Stat. 894 (Oct. 21, 2020), the Government is **ORDERED** to comply with the prosecutor's disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. The Government is also notified of the potential consequences of violating this Order and the disclosure obligations. The consequences include, but are not limited to, sanctions such as delaying trial or other proceedings, excluding evidence, giving adverse jury instructions, granting a new trial, dismissing the case, or finding the Government in contempt.

  It is so **ORDERED**.

  **SIGNED** on May 8, 2025.

_____
Richard W. Bennett
United States Magistrate Judge

15

United States District Court
Southern District of Texas
**ENTERED**
May 08, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| *versus* § | Case No. 4:25−mj−00276 |
| § | |
| Quincy Demond Scott § | |

## ORDER OF DETENTION PENDING HEARING

A hearing in this case is scheduled as follows:

Preliminary Examination and Detention Hearing
May 9, 2025 at 10:00 AM
Courtroom 700
United States District Court
515 Rusk Street
Houston, TX 77002

**IT IS ORDERED:** Pending the hearing, the defendant is to be detained in the custody of the United States Marshal or any other authorized officer. The custodian must bring the defendant to the hearing at the time, date, and place set forth above.

Date: May 8, 2025

_____
Richard W. Bennett
United States Magistrate Judge

16

AO 466A (Rev. 01/09) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 4-25-mj-00276 |
| Quincy Scott | ) | |
| Defendant | ) | Charging District's Case No. |

**WAIVER OF RULE 5 & 5.1 HEARINGS**
(Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* E.D.V.A.

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing within 10 days of my first appearance if I am in custody and 20 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5) a hearing on any motion by the government for detention;

(6) request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☒ an identity hearing and production of the warrant.

☐ a preliminary hearing.

☐ a detention hearing.

☐ an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 5/8/25

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Ryan Ruzic
*Printed name of defendant's attorney*

19

Case 2:25-mj-00078     Document 8     Filed 05/13/25     Page 9 of 13 PageID# 22

United States District Court
Southern District of Texas

**ENTERED**
May 11, 2025
Nathan Ochsner, Clerk

AO 472 (Rev. 1/25) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No. 4:25-mj-276 |
| QUINCY DEMOND SCOTT ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ **A.** Motion of the Government or the Court's own motion for a detention hearing pursuant to 18 U.S.C. § 3142(f)(1) because the defendant is charged with:

☐ **(1)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in l8 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(2)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(3)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501–70508); **or**

☐ **(4)** any felony if such person has been convicted of two or more offenses described in Subparagraphs (1) through (3) of this paragraph or two or more of such offenses if a circumstance giving rise to federal jurisdiction had existed, or a combination thereof; **or**

☒ **(5)** any felony that is not otherwise a crime of violence but involves **(a)** a minor victim; **(b)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(c)** any other dangerous weapon; or **(d)** a failure to register under 18 U.S.C. § 2250;

**OR**

☒ **B.** Motion of the Government or the Court's own motion for a detention hearing pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

☒ **(1)** a serious risk that the defendant will flee if released; **or**

☐ **(2)** a serious risk that the defendant will obstruct or attempt to obstruct justice or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror if released.

The Court found that the Government established one or more of the factors above, held a detention hearing, and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

AO 472 (Rev. 1/25) Order of Detention Pending Trial

## Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

   ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

   ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

   ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501–70508); **or**

   ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to federal jurisdiction had existed, or a combination of such offenses; **or**

   ☐ **(e)** any felony that is not otherwise a crime of violence that involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

  ☐ **(2)** the defendant has been convicted of a federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to federal jurisdiction had existed; **and**

  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a federal, State, or local offense; **and**

  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

  ☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46 (46 U.S.C. §§ 70501–70508);

  ☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

  ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

  ☐ **(4)** an offense under Chapter 77 of Title 18 (18 U.S.C. §§ 1581–1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

  ☒ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Application of Any Presumption Established Above**

  ☒ The defendant has not rebutted the presumption.
  **OR**
  ☐ The defendant has rebutted the presumption.

AO 472 (Rev. 1/25) Order of Detention Pending Trial

## Part III - Analysis and Statement of the Reasons for Detention

After considering any applicable presumption, the nature and circumstances of the defendant's alleged conduct, the defendant's history and characteristics, the other factors set forth in 18 U.S.C. § 3142(g), the information presented at the detention hearing, and the available conditions of release under 18 U.S.C. § 3142(c), the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

The reasons for detention include the following checked items (*After this list, add any additional items or explanations as needed to comply with the requirement for a written statement of reasons under 18 U.S.C. § 3142(i).*):

☒ The offense charged is a crime of violence, a violation of § 1591, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device.
☒ Weight of evidence against the defendant is strong.
☒ Subject to lengthy period of incarceration if convicted.
☒ Lack of significant family or other ties to the community.
☐ Significant family or other ties outside the United States.
☐ Lack of legal status in the United States.
☐ Subject to removal or deportation after serving any period of incarceration.
☒ Lack of stable residence.
☐ Lack of stable employment.
☐ Lack of financially responsible sureties.
☐ Prior attempt(s) to evade law enforcement.
☐ Use of alias(es) or false documents.
☒ History of alcohol or substance abuse.
☒ Prior criminal history.
☐ History of violence or use of weapons.
☐ Prior violations of probation, parole, or supervised release.
☐ Prior failure to appear in court as ordered.
☐ On probation, parole, and/or release pending trial, sentence appeal, or completion of the sentence at the time of the alleged offense.
☐ Participation in criminal activity while on probation, parole, or supervision.
☒ The defendant's release poses serious danger to any person or the community.

OTHER REASONS OR FURTHER EXPLANATION:

AO 472 (Rev. 1/25) Order of Detention Pending Trial

Probable cause and detention hearing held.  Based on the testimony, the Court finds probable cause established to support the charges in the criminal complaint. The Court further finds insufficient evidence was proffered by the Defendant to rebut the presumption that Defendant poses a risk of nonappearance and a danger to the community. Detention is ordered on that basis. Alternatively, to the extent any evidence was produced to rebut the presumption, the Court finds by clear and convincing evidence there are no conditions or combination of conditions that can reasonably assure the safety of the community, and by a preponderance of evidence, that Defendant poses a risk of nonappearance if Defendant was released. Based on testimony, evidence, and the pretrial report, the Court, considering the 18 USC 3142g factors and the presumption, makes the following findings: (1) the weight of the evidence is strong given the large amount of images and videos of child pornography maintained by the Defendant, including infants and toddlers, on multiple devices; (2) Defendant faces a lengthy prison sentence if convicted; (3) the nature and seriousness of the charges involve crimes that "endanger the community."  See United States v. Slaughter, 612 F.Supp.3d 702, 706-07 (S.D. Tex. 2020); (4) Defendant has no stable residence; (5) has an active warrant out of Virginia for possession with intent to manufacture methamphetamines; (6) provided contradictory information to pretrial services; (7) is the subject of a protective order from his ex-wife; and (8) has multiple drug related arrests in 2024, all of which were dismissed.  Thus, by clear and convincing evidence, the Court finds there are no conditions or combination of conditions to reasonably assure the safety of the community, and by a preponderance of evidence, that no conditions exist to reasonably assure his appearance as required.  Detention is ORDERED.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:　　　May 9, 2025　　　　　　　　　　　　　　　　/s/ Richard W. Bennett
　　　　　　　　　　　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge

AO 94 (Rev. 06/09) Commitment to Another District

United States District Court
Southern District of Texas

**ENTERED**
May 11, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| *versus* | § § | Case No. 4:25−mj−00276 |
| Quincy Demond Scott | § | |

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the **ED of Virginia, Norfolk division, in 2:25mj78 (charging District's case number).**

The defendant requested court appointed counsel. Federal Public Defender appointed.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant. The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled. The clerk of this district must promptly transmit the papers and any bail to the charging district.

Date: May 11, 2025

Richard W. Bennett
United States Magistrate Judge